**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Norma Daugherty, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:17-CV-4508 |
| | ) | |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Norma Daugherty, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Norma Daugherty ("Daugherty"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for medical services.

4.      Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant MiraMed operates a regional debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana.  In fact, Defendant MiraMed was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant MiraMed is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant MiraMed conducts business in Indiana.

6.      Defendant MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant MiraMed acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Ms. Daugherty fell behind on paying her bills, including a debt she allegedly owed for medical services.  Defendant MiraMed sent Ms. Daugherty an initial form collection letter, dated September 28, 2017, which stated the creditor at issue was "TRINITY MOTHER FRANCES HOSP & CLINICS".  In fact, the debt at issue was not owed to that creditor, rather it was likely owed to Eskenazi Health.  A copy of Defendant's letter is attached as Exhibit C.

8.      The identity of a consumer's creditor is a critical piece of information, and the false identification of the creditor in a dunning letter misled and confused Ms.

2

Daugherty, as well as any other consumer who received the letter, in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, <u>see</u>, <u>Janetos v. Fulton, Friedman & Gullace</u>, 825 F.3rd 317, 324-325 (7th Cir. 2016); and <u>Tourgeman v. Collins Financial Services</u>, 755 F.3d 1109, 1121 (9th Cir. 2014)

9.     Defendant's collection actions complained of herein (Exhibit <u>C</u>) occurred within one year of the date of this Complaint.

10.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, <u>see</u>, <u>Gammon v. GC Services</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

11.     Plaintiff adopts and realleges ¶¶ 1-10.

12.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

13.     Making a false statement of the name of the original creditor is a materially misleading statement, which violates of § 1692e of the FDCPA.  By stating that the debt was owed to Trinity Mother Frances Hosp & Clinics, when, in fact, it was not, Defendant's letter violated § 1692e of the FDCPA.

14.     Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

3

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

15.     Plaintiff adopts and realleges ¶¶ 1-10.

16.     Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. §

1692f.

17.     Defendant, by falsely stating that the debt was owed to Trinity Mother

Frances Hosp & Clinics when, in fact, it was not, violated § 1692f of the FDCPA.

18.     Defendant's violation of § 1692f of the FDCPA renders it liable for

statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

19.     Plaintiff adopts and realleges ¶¶ 1-10.

20.     Section 1692g of the FDCPA requires that, within 5 days of Defendants'

first communication to a consumer, they had to provide Ms. Daugherty with an effective

validation notice, containing, among other disclosures, "(2) the name of the creditor to

whom the debt is owed;" <u>see</u>, 15 U.S.C. § 1692g(a)(2).

21.     Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA

because it failed to identify effectively the name of the creditor to whom the debt was

owed, <u>see</u>, <u>Janetos</u>, 825 F.3rd at 324-325; <u>see also</u>, <u>Long v. Fenton & McGarvey</u>, 2016

U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); <u>Pardo v. Allied Interstate</u>, 2015 U.S. Dist.

Lexis 125526 (S.D. Ind. 2015); <u>Deschaine v. National Enterprise Systems</u>, 2013 U.S.

Dist. LEXIS 31349 (N.D. Ill. 2013); <u>Walls v. United Collection Bureau</u>, 2012 U.S. Dist.

LEXIS 68079 (N.D. Ill. 2012); <u>Braatz v. Leading Edge Recovery Solutions</u>, 2011 U.S.
Dist. LEXIS 123118 (N.D. Ill. 2011).

     22.    Defendant's violation of § 1692g of the FDCPA renders it liable for
statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

     23.    Plaintiff, Norma Daugherty, brings this action individually and as a class
action on behalf of all persons similarly situated in the State of Indiana from whom
Defendant attempted to collect a defaulted consumer debt allegedly owed for medical
services, via the same form collection letter (Exhibit <u>C</u>), that Defendant sent to Plaintiff,
from one year before the date of this Complaint to the present.  This action seeks a
finding that Defendant's form letter violates the FDCPA, and asks that the Court award
damages as authorized by § 1692k(a)(2) of the FDCPA.

     24.    Defendant MiraMed regularly engages in debt collection, using the same
form collection letter they sent Plaintiff Daugherty, in their attempts to collect defaulted
consumer debts from other consumers.

     25.    The Class consists of more than 35 persons from whom Defendant
MiraMed attempted to collect defaulted consumer debts by sending other consumers
the same form collection letter it sent Plaintiff Daugherty.

     25.    Plaintiff Daugherty's claims are typical of the claims of the Class.
Common questions of law or fact raised by this class action complaint affect all
members of the Class and predominate over any individual issues.  Common relief is
therefore sought on behalf of all members of the Class.  This class action is superior to
other available methods for the fair and efficient adjudication of this controversy.

26.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27.     Plaintiff Daugherty will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Daugherty has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Norma Daugherty, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Daugherty as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violates the FDCPA;

4.     Enter judgment in favor of Plaintiff Daugherty and the Class, and against Defendant MiraMed, for statutory damages, costs, and reasonable attorneys' fees as

6

provided by § 1692k(a) of the FDCPA; and,

     5.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Norma Daugherty, individually and on behalf of all others similarly

situated, demands trial by jury.

                         Norma Daugherty, individually and on
                         behalf of all others similarly situated,

                         By: /s/ David J. Philipps_____
                         One of Plaintiff's Attorneys

Dated:  December 5, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com